IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

WALTER RALPH REEVES,                              CV. 05-505-MA

              Petitioner,                  OPINION AND ORDER

    v.

BRIAN BELLEQUE,

            Respondent.

NELL BROWN
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

JOHN R. KROGER
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Respondent

MARSH, Judge

    Petitioner Walter Ralph Reeves, an inmate at the Oregon State

Penitentiary, brings this habeas corpus proceeding pursuant to 28

1 - OPINION AND ORDER

U.S.C. § 2254.  For the reasons set forth below, the petition is
DENIED, and this proceeding is DISMISSED.

<u>**BACKGROUND**</u>

In January and February 1998, petitioner and his brother,
William Douglas Reeves, robbed at gunpoint a gas station and three
restaurants in Jackson County, Oregon.  (Resp. Ex. 102.)  William
Reeves entered the businesses, brandished the gun and demanded
money, while petitioner drove the get-away vehicle.  Following the
fourth robbery, the stolen vehicle petitioner and his brother used
to get away broke down, and the brothers were apprehended shortly
thereafter.

Petitioner and his brother were indicted on four counts of
Robbery in the First Degree, two counts of Unauthorized Use of a
Motor Vehicle, and one count of Felon in Possession of a Firearm.
(Resp. Ex. 102.)  Petitioner and his brother were tried jointly.
On April 2, 1998, the second day of their joint trial, petitioner
and his brother attempted to escape custody.  Petitioner's brother
assaulted a bailiff and held a courtroom employee by the throat and
threatened to kill her with a pen; meanwhile petitioner attempted
to flee. (Ex. 105.) Petitioner was quickly apprehended in the
stairwell.

The following day, the court granted a motion for mistrial.
On April 9, 1998, petitioner and his brother were indicted on the
additional charges of Escape in the First Degree, Criminal

2 - OPINION AND ORDER

Conspiracy, Menacing, and Assault in the Fourth Degree. (Resp. Ex. 102.) Petitioner's attorney moved to withdraw because he could be called as a witness in the escape case, and new counsel, Christopher Mecca, was appointed to represent petitioner. (Resp. Ex. 136.)

Two weeks later, on April 24, 1998, petitioner and his brother signed two separate plea petitions in which they pleaded guilty to four counts of Robbery in the Second Degree, one count of Escape in the First Degree, one count of Assault in the Fourth Degree, and Menacing.[1] (Resp. Ex. 103.) In exchange, the state agreed not to seek departure sentences, to dismiss all other charges, and release two material witnesses from jail. (Resp. Ex. 103 & 104 p. 3-4.) Additionally, the state agreed to dismiss two other pending charges against petitioner: Theft in the First Degree (Jackson County No. 98-1661-FE) and "abuse of a corpse" (Josephine County No. 97-CR-0722). (Resp. Ex. 103.)

That same day, petitioner and his brother appeared before the Honorable Rebecca G. Orf, a Jackson County Circuit Court judge, for acceptance of the plea and sentencing. (Resp. Ex. 104.) Petitioner's defense counsel presented two plea petitions, one for the robbery case (98-601-FE) and another for the escape case (98-1673-FE). (Ex. 104, p. 4.) At sentencing, petitioner agreed that

---

[1] Petitioner's brother entered into the same agreement. <u>Reeves v. Belleque</u>, 2005 WL 1653715, *1-2 (D. Or. July 1, 2005).

he voluntarily signed the plea agreements, discussed them with his attorney, and understood their contents. (Id.) Before accepting the pleas, Judge Orf admitted her bias against petitioner, stating:

> Quite frankly, the only reason I was willing to proceed with the sentencing this morning is because it had been agreed upon between the District Attorney and your attorneys and yourselves.
>
> I, quite frankly, need to let you know now that I'm probably prejudice[d] against both of you. I'm upset with you. I'm angry with you about what you did with respect to the escape charges. The victims of some of these crimes are courthouse staff that I work with every day that are friends of mine, and I explained to both of your attorneys that I really didn't think that I could be fair and that the only way I would be willing to sentence you this morning is if they understood that I would be following the negotiations that had been reached between your attorneys and the District Attorney. That I did not intend to exercise any discretion in sentencing you this morning. So, Mr. Walter Reeves, do you understand that?
>
> Mr. Walter Reeves: Yes. (Ex. 104, p. 5-6.)

Having concluded that petitioner and his brother intended to proceed, Judge Orf sentenced petitioner according to the terms of the plea agreement: four consecutive 70-month sentences for each count of Robbery, and a consecutive 31-month sentence for the Escape count for a total of 311 months imprisonment. Petitioner also was sentenced to 36 months post-prison supervision. (Resp. Ex. 101.)

Petitioner directly appealed his conviction, raising a single assignment of error: that Judge Orf's admitted bias against him during the plea and sentencing constituted a structural error,

depriving him of the right to due process under the Fourteenth Amendment. (Resp. Ex. 105.) The Oregon Court of Appeals granted the state's motion for summary affirmance, and the Oregon Supreme Court denied review. (Resp. Ex. 108, 110.)

Petitioner next sought post-conviction relief alleging ineffective assistance of counsel and appellate counsel, as well as due process violations involving judicial misconduct and prosecutorial misconduct. (Resp. Ex. 112.) The post-conviction court denied relief. (Resp. Ex. 140.) The Oregon Court of Appeals granted the state's motion for summary affirmance. (Resp. Ex. 144.) Petitioner did not timely appeal to the Oregon Supreme Court, and an appellate judgement was entered.[2] (Resp. Ex. 145.)

In the instant proceeding, petitioner raises six claims for relief: (1) ineffective assistance of counsel; (2) ineffective assistance of appellate counsel; (3) prosecutorial misconduct; (4) judicial misconduct causing a due process violation; (5) his guilty plea was not knowing, intelligent or voluntary, thereby violating due process; and (6) his plea and sentence was not accepted by an

---

[2]Petitioner filed a successive petition for post-conviction relief in Marion County Circuit Court, Case No. 04C-20545. (Ex. 146.) The post-conviction court denied relief by granting the state's motion for summary judgment. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Reeves v. Belleque, 215 Or. App. 501, 170 P.2d 8 (2007), rev. denied, 344 Or. 109 (2008).

impartial tribunal, thereby violating due process.  (Second Amended
Petition (#43) p. 6-7.)

**DISCUSSION**

Respondent moves to deny habeas corpus relief on the basis
that all of plaintiff's claims for relief are procedurally
defaulted, that most of the claims are not argued in petitioner's
supporting memorandum, and, alternatively, that any fairly
presented claims are entitled to deference under 28 U.S.C. §
2254(d).  In the briefing to this court, petitioner discusses only
the merits of grounds one, two, and four.

**I.    Claims One, Two, Three, Five and Six Are Procedurally
Defaulted.**

**A.    Standards**

Generally, a state prisoner must exhaust all available state
court remedies either on direct appeal or through collateral
proceedings before a federal court may consider granting habeas
corpus relief.  28 U.S.C. § 2254(b)(1).  A state prisoner satisfies
the exhaustion requirement by fairly presenting his claim to the
appropriate state courts at all appellate stages afforded under
state law.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v.
Moore, 386 F.3d 896, 915-56 (9th Cir. 2004), cert. denied, 545 U.S.
1146 (2005).

A fair presentation requires a prisoner to state the facts
that entitle him to relief, and to reference the federal source of

the law on which he relies, or a case analyzing the federal constitutional guarantee on which he relies, or to simply label his claim "federal." Baldwin, 541 U.S. at 32; Gray v. Netherland, 518 U.S. 152, 162-63 (1996). When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. Casey, 386 F.3d at 920; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Cook v. Schriro, 538 F.3d 1000, 1025 (2008), cert. denied, 129 S. Ct. 1033 (2009).

**B. Analysis.**

**1. claims one and two.**

In his first claim for relief, petitioner alleges that trial counsel rendered ineffective assistance by: (a) failing to move for a change of venue; (b) failing to request that Judge Orf recuse herself from sentencing; and (c) failing to conduct an adequate investigation. In his second claim for relief, petitioner asserts that appellate counsel rendered ineffective assistance by: (a) failing to assign as error a verbal request for a change of venue made at the arraignment; and (b) failing to obtain a transcript of his initial trial. It is clear from the record that claims one and two have not been exhausted. Although petitioner fairly presented these claims to the PCR court, and to the Oregon Court of Appeals, petitioner did not timely seek review in the Oregon Supreme Court. (Resp. Exs. 112, 141, 144, 145.) Because he may no longer do so,

the claims are procedurally defaulted.  <u>See</u> O.R.S. §§ 138.550(3),
138.650(1); <u>Coleman</u>, 501 U.S. at 735 n.1.

**2.  claims three, five and six.**

In claim three, petitioner asserts that he was denied due
process of law in violation of the Fourteenth Amendment when the
prosecutor: (a) failed to inform him that the plea agreement
included 36 months of post-prison supervision; and (b) required
petitioner to plead guilty to three counts of robbery where
exculpatory evidence existed.  In claim five, petitioner contends
that his plea was not knowing, intelligent, and voluntary violating
due process.  In claim six, petitioner argues that he was denied an
impartial tribunal under the Due Process Clause when the judge
accepted his guilty plea after admitting that she was biased.

Claims three, five and six are procedurally defaulted for
numerous reasons.  Claims three and six were presented to the state
PCR court, however, they were not raised on appeal from the denial
from post-conviction relief.  Claim five, as currently pleaded,
appears in this proceeding for the first time.[3]  Nevertheless, like

---

[3]It is questionable whether petitioner's claim five was
exhausted in the PCR proceedings.  In his amended petition for
post-conviction relief, petitioner asserted that he was under
"overwhelming duress" to plead guilty.  (Resp. Ex. 112.)  In
petitioner's *pro se* briefing to the PCR court, petitioner
discusses the faulty plea agreement in terms of judicial and
prosecutorial misconduct.  <u>See</u> <u>Moorman v. Schriro</u>, 426 F.3d 1044,
1056 (9th Cir. 2005), <u>cert. denied</u>, 548 U.S. 927 (2006)(discrete
claims must be exhausted separately).

claims three and six, claim five was not presented to the Oregon Court of Appeals or Oregon Supreme Court. In short, claims three, five and six have not been properly exhausted, and cannot now be raised in a successive state post-conviction proceeding. O.R.S. §§ 138.550(3), 138.650; <u>Coleman</u>, 501 U.S. at 735 n.1. Accordingly, claims three, five and six are procedurally defaulted.[4]

## C. Petitioner Has Not Established Cause and Prejudice to Excuse His Procedural Default.

Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750; <u>Cook</u>, 538 F.3d at 1025. Generally, "cause" under the cause and prejudice test will be met if the petitioner can demonstrate some objective factor, external to the petitioner, impeded his efforts to comply with the state's procedural rule. <u>Murray v. Carrier</u>, 477 U.S. 478, 487 (1986). A petitioner meets the "prejudice" standard if he can demonstrate that the errors he complains of undermine confidence in the outcome of his trial. <u>Vansickel v. White</u>, 166 F.3d 953, 959 (9th Cir.), <u>cert. denied</u>, 528 U.S. 965 (1999).

---

[4]Because I have concluded that the bulk of petitioner's claims are procedurally defaulted, I do not address respondent's argument that this court should not consider those claims because they have not been briefed.

9 - OPINION AND ORDER

Petitioner submits that the procedural default of his ineffective assistance of counsel and due process claims should be excused because the actions of state court officials made it impossible for him to comply with the rule mandating that appeals be filed within 35 days. Petitioner argues that he did all that he could to file an appeal, but that a delay from the Oregon Court of Appeals in appointing new counsel prevented him from timely exhausting his claim. I disagree.

A review of the facts undermines petitioner's argument. On April 14, 2004, the Court of Appeals summarily affirmed his post-conviction appeal. On April 27, 2004, petitioner's post-conviction attorney sent petitioner a letter indicating that no basis for filing a petition for review in the Oregon Supreme Court existed, and that the attorney was closing the file. (Pet. Ex. A.) Next, on May 17, 2004–only two days prior to the expiration of his time to file a petition for review, petitioner sent a letter to the State Court Administrator requesting new counsel to assist him in filing a petition for review. (Pet. Ex. B.) In that letter, petitioner acknowledges the 35-day limit to file his petition for review and indicates his desire to exhaust his state remedies to seek federal review. (Id.) On June 29, 2004, the Oregon Court of Appeals denied petitioner's request for new counsel and noted that the time for filing an appeal had expired. (Pet. Ex. C.)

Although petitioner characterizes the court's response as an unreasonable delay, in fact, it was petitioner who waited until his time to petition for review had almost run before sending the letter to the State Court Administrator. Moreover, the facts more accurately show that petitioner's PCR appellate attorney seemingly did not understand petitioner's desire to exhaust his state remedies in order to pursue federal habeas relief. Indeed, petitioner offers no explanation for the post-conviction appellate attorney's failure to file a petition for review. Petitioner presents no facts establishing that petitioner contacted the attorney to file the petition for review or that the attorney refused to do so. And finally, because petitioner does not have a right to post-conviction counsel, petitioner must bear the risk of attorney error. Coleman, 510 U.S. at 756-57. While the situation is unfortunate, attorney ignorance or inadvertence is not "cause" which would excuse his procedural default. Id.

Petitioner also complains that the Oregon Supreme Court's refusal to accept a late-filed letter request petition for review constitutes "cause" and that he suffered prejudice as a result of that decision. Petitioner's argument is meritless. On August 2, 2004, petitioner sent a letter to the clerk of the Oregon Supreme Court explaining that the Court of Appeals had refused to appoint new counsel, and requested that his letter serve as his petition for review. (Pet. Ex. D.) In a responsive letter dated August 12,

2004, the state court administrator informed petitioner that his request was untimely and failed to comport with the briefing format requirements. (Pet. Ex. E.)

According to petitioner, he did all that he could to notify the Oregon Supreme Court that he wanted to present issues for review and exhaustion purposes, relying on Clemmons v. Delo, 124 F.3d 944 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998). Petitioner's reliance on Clemmons is unavailing.  In Clemmons, a post-conviction petitioner's attorney filed a brief with the Missouri Supreme Court that omitted a claim which had previously been raised in the PCR trial court.  When Clemmons instructed his attorney to amend the brief to include the omitted claim, the attorney refused.  Then, Clemmons sought leave of court to file a *pro se* brief which included the claim.  The Missouri Supreme Court denied Clemmons permission to file the *pro se* brief. On habeas review, the Eighth Circuit concluded that Clemmons had fairly presented his claim because, "We do not know what else he could have done . . . to present the claim to that Court for decision on the merits." Id. at 948.

Here, the facts are readily distinguishable.  In Clemmons, the petitioner sought leave to have the claim he wanted heard by the Missouri Supreme Court.   In contrast, petitioner here did nothing to alert the Oregon Supreme Court as to the substance of the claims he wished them to hear. Parra-Moo v. Coursey, 2010 WL 2035368, *3

(D. Or. May 21, 2010)(distinguishing <u>Clemmons</u> on similar grounds).

Instead, petitioner submitted a short letter asking that it serve

as his petition for review.  And, petitioner offers no explanation

as to why he did not ask his post-conviction appellate attorney to

file a <u>Balfour</u> brief or why he did not file a *pro se* petition for

review.  <u>Id.</u>

        Again, it appears that petitioner's argument concerning cause

to excuse his default is more appropriately directed at his PCR

appellate attorney for not pursuing a petition for review.

However, counsel's performance does not constitute cause sufficient

to excuse petitioner's procedural default.  <u>Coleman</u>, 501 U.S. at

752.

        In sum, I conclude that petitioner has failed to demonstrate

cause and prejudice which would excuse the procedural default of

claims one, two, three, five and six.

**D.  Petitioner Has Not Established the Actual Innocence Gateway.**

        Petitioner argues that refusal to hear his claims will result

in a fundamental miscarriage of justice because he is actually

innocent of two of the charges.  Alternatively, petitioner moves

for an evidentiary hearing on his actual innocence claim.

        In the habeas corpus context, a fundamental miscarriage of

justice occurs when a constitutional violation has probably

resulted in the conviction of one who is actually innocent.  <u>Smith

v. Baldwin</u>, 510 F.3d 1127, 1139 (9th Cir. 2007), <u>cert. denied</u>, 129

S.Ct. 31 (2008).  See also Murray, 477 U.S. at 496.  In this context, the claim of actual innocence is procedural because it allows "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schulp v. Delo, 513 U.S. 298, 315 (1995); Smith, 510 F.3d at 1139-40.  To pass through the Schlup gateway, a petitioner must show that, "in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime." Smith, 510 F.3d at 1140; House v. Bell, 547 U.S. 518, 536-38 (2006).  This standard ensures a petitioner's case is truly "extraordinary" while providing a meaningful way to avoid a manifest injustice.  House, 547 U.S. at 538; Schlup, 513 U.S. at 327.  See also Smith, 510 F.3d at 1127.

To meet this standard, the claim must be supported by "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324; Pinnell v. Belleque, 638 F.Supp.2d 1231, 1246 (D. Or. 2009).  The new evidence may be "newly presented" evidence of actual innocence, which may include evidence that was in petitioner's possession prior to trial, but never offered prior to accepting his plea bargain. Griffin v. Johnson, 350 F.3d 956, 963 (9th Cir. 2003), cert. denied, 541 U.S. 998 (2004).

In support of his claim of actual innocence, petitioner offers the affidavit of his brother and co-defendant, William Reeves. (Pet. Ex. F.)  In the September 2009 affidavit, William avers that he and petitioner were not involved in robbing the Gas-4-Less, and that William acted alone when robbing the Papa Murphy's restaurant. Petitioner contends that he could not have offered the evidence earlier because William was pursuing appeals on the same charges, and that William did not want to jeopardize his Fifth Amendment rights.  In support of his actual innocence claim, petitioner summarily argues that in light of this evidence, it is more likely than not that petitioner would have been acquitted.  I disagree.

Assuming for the purposes of this analysis that William would testify on petitioner's behalf in a new trial, this evidence does not demonstrate that "it is more likely than not that no reasonable juror" would convict petitioner based on his testimony.  William, who is currently serving a 311-month sentence for the same crimes, would likely have to explain petitioner's prior admissions in the guilty pleas.  More troubling, William would have to explain his own attempt to escape during their initial robbery trial—which William planned and executed *with petitioner*, including William's threat to kill a courtroom employee.  In light of this self-serving evidence from a co-defendant with nothing more to lose, petitioner has failed to establish that every reasonable juror would conclude that it is more likely than not that William is telling the truth.

Thus, petitioner has failed to establish that no reasonable juror would convict petitioner of two of the four robberies based on William's testimony.  See Smith, 510 F.3d at 1141-42.

Petitioner did not profess his innocence during the acceptance of his plea.  And, petitioner points to no other "newly presented" evidence demonstrating his innocence.

In sum, petitioner has failed to demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Schlup, 513 U.S. at 327; Griffin, 350 F.3d at 964.  Petitioner has not established that a fundamental miscarriage of justice will occur if his claims are not considered.  Accordingly, claims one, two, three, five and six are procedurally defaulted and federal review is precluded.  28 U.S.C. § 2254(d).

Additionally, petitioner has not satisfied the requirements of 28 U.S.C. §§ 2254(e)(2) which would entitle him to an evidentiary hearing.  See Griffin, 350 F.3d at 966 (petitioner not entitled to evidentiary hearing on actual innocence claim).  Accordingly, petitioner's alternative request for such a hearing is denied.

**II.  <u>Claim Four-Due Process</u>.**

**A.   <u>Claim Four Is Not Procedurally Defaulted.</u>**

Respondent submits that petitioner did not fairly present claim four to the state's highest court, and thus it is procedurally defaulted.  In claim four, petitioner asserts that he

16 - OPINION AND ORDER

was denied the right of due process when the judge failed to recuse herself after acknowledging that she was prejudiced against petitioner and his brother after their attempted escape from the courthouse.  This claim was petitioner's sole assignment of error on direct appeal.

In the direct appeal process, respondent moved for summary affirmance, alleging that petitioner's due process claim was not reviewable by the Oregon Court of Appeals.  (Resp. Ex. 106.) Respondent reasoned that the scope of review of a guilty plea is limited to whether the sentence exceeds the maximum allowable by law, or constitutes cruel and unusual punishment under O.R.S. §§ 138.050(3) and 138.222. (Id.)  The Oregon Court of Appeals granted summary affirmance, stating only "that appellant has presented no substantial question of law on appeal," and citing O.R.S. § 138.225.  The Oregon Supreme Court denied review.

Petitioner also raised this claim during the post-conviction proceedings.  Before the PCR court, respondent conversely asserted that petitioner's claim concerning the judge's impartiality should have been raised on direct appeal. (Resp. Ex. 137.) Interestingly, respondent did not cite O.R.S. §§ 138.050 or 138.222 or otherwise indicate to the PCR court that petitioner had, in fact, raised the issue on direct appeal.  Petitioner, who appeared *pro se* in the PCR proceeding, also did not alert the PCR court that he had raised the issue on direct appeal.

17 - OPINION AND ORDER

The PCR court agreed with respondent, and dismissed petitioner's due process claim citing O.R.S. § 138.550 and Lerch v. Cupp, 9 Or. App. 508, 515, 497 P.2d 379 (1972). (Resp. Ex. 139, Opinion Letter at 2.) According to the PCR court, petitioner's claim that Judge Orf should have recused herself from sentencing should have been raised on direct appeal, and therefore his claim was not properly before the PCR court. (Id.) Petitioner did not raise claim four on appeal from the PCR court, and as noted above, did not exhaust the claim in the Oregon Supreme Court. Respondent now contends that because claim four was not exhausted, it is procedurally defaulted. I disagree.

Generally speaking, federal habeas courts are bound by state court interpretations of state law. Mendez v. Small, 298 F.3d 1154 (9th Cir. 2002)("A state court has the last word on the interpretation of state law."); Bains v. Cambra, 204 F.3d 964, 972 (9th Cir. 2000), cert. denied, 531 U.S. 1037 (2000). In this case, I presume that the PCR court correctly determined that petitioner's due process claim should have been presented on direct appeal, a position respondent advocated in the PCR proceeding and does not directly contest here.[5] In so doing, I conclude that petitioner

---

[5]Moreover, the Ninth Circuit looks with disfavor on inconsistent positions taken by the state in order to create a procedural default. See Whaley v. Belleque, 520 F.3d 997, 1002-03 (9th Cir. 2008)(applying judicial estoppel to prevent the state from contending that petitioner's claim was not moot, which would create a procedural default).

has exhausted claim four in the direct appeal process.  <u>See</u> ORS 138.225 (summary affirmance is a decision on the merits); <u>but see</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).  Accordingly, claim four is not procedurally defaulted.

**B.  Claim Four Fails on the Merits.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant habeas relief only if it is contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or if it was based upon an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)-(2); <u>Mitchell v. Esparza</u>, 540 U.S. 12, 15 (2003)(discussing AEDPA standards); <u>Cook</u>, 538 F.3d at 1015.  A state court decision is "contrary to" established federal law if it misstates or fails to identify the controlling Supreme Court precedent, or if it reaches a contrary result in a case that is materially indistinguishable from a Supreme Court decision.  <u>Williams v. Taylor</u>, 529 U.S. 362, 405-07 (2000); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 73 (2003).  A decision is an "unreasonable application" of federal law if it is objectively unreasonable.  <u>Williams</u>, 529 U.S. at 409; <u>Taylor v.</u> <u>Maddox</u>, 366 F.3d 992, 999 (9th Cir.), <u>cert. denied</u>, 543 U.S. 1038 (2004).  The burden of proof lies with petitioner.  <u>Woodford v.</u> <u>Viscotti</u>, 537 U.S. 19, 25 (2002).

Petitioner asserts that his right to due process as guaranteed by the Fourteenth Amendment was violated when Judge Orf accepted his guilty plea, despite acknowledging her bias against petitioner. Petitioner maintains that the sentencing judge's bias constitutes a structural error depriving him of an impartial tribunal, warranting automatic reversal, citing <u>Arizona v. Fulminante</u>, 499 U.S. 279 (1991) and <u>Chapman v. California</u>, 386 U.S. 18 (1967).

Respondent submits that habeas relief is not justified because this court and the Ninth Circuit have issued decisions dispositive of this claim when it rejected the same arguments raised by William Reeves in 2005. <u>Reeves v. Belleque</u>, 2005 WL 1653715 (D. Or. July 1, 2005), <u>aff'd</u>, 214 Fed. Appx. 667, 2006 WL 3798470 (9th Cir. 2006)(not selected for publication), <u>cert. denied</u>, 550 U.S. 944 (2007). Respondent is correct.

In <u>Reeves</u>, this court analyzed the same set of facts and legal claim now advanced by petitioner. In <u>Reeves</u>, the court rejected William's structural due process claim, finding that <u>Fulminante</u> and <u>Chapman</u> do not govern the acceptance of a stipulated guilty plea and sentencing. 2005 WL 1653715 at *5. The <u>Reeves</u> court determined that guilty pleas must be knowing and voluntary as set forth in <u>Brady v. United States</u>, 397 U.S. 742 (1970). And, after examining the colloquy between Judge Orf and William, the court concluded that the plea was knowing and voluntary, and denied habeas relief. <u>Reeves</u>, 2005 WL 1653715 at *5.

20 - OPINION AND ORDER

On appeal, the Ninth Circuit also rejected William's argument that the admitted bias of the sentencing judge constituted a reversible structural error. <u>Reeves v. Belleque</u>, 214 Fed. Appx. 667, 668 (9th Cir. 2006). "[No] 'clearly established Federal law' speaks to whether due process requires an impartial judge for the acceptance of a stipulated plea and sentence." <u>Id.</u>  Moreover, the Ninth Circuit noted that even if such a right did exist, petitioner had not identified any law indicating that it cannot be waived. <u>Id.</u> Thus, under the AEDPA's deferential standard of review, habeas relief was not warranted.  <u>Id.</u>

In the reply, petitioner contends that whether an impartial judge is required for plea and sentencing should be governed by the Supreme Court's principle in <u>Tumey v. Ohio</u>, 273 U.S. 510, 522 (1927), instead of the decision in <u>Reeves</u>.  Petitioner's reliance on <u>Tumey</u> is misplaced.  In <u>Tumey</u>, the Supreme Court expressed the general proposition that the Due Process Clause requires judges to recuse themselves if they have a direct, personal, substantial pecuniary interest in case.  <u>See</u> <u>Caperton v. A.T. Massey Coal Co.</u>, 129 S. Ct. 2252, 2259 (2009)(citing <u>Tumey</u>).  However, <u>Tumey</u> simply does not address whether accepting a stipulated plea agreement and sentencing requires an impartial judge.  Indeed, petitioner identifies no Supreme Court case law clearly establishing a due process or other constitutional violation amounting to a structural error during plea and sentencing.

Upon reviewing the record, I find that petitioner's case is indistinguishable from his brother's case. Prior to accepting the petitioner's plea, Judge Orf engaged in a lengthy discussion with petitioner and his brother, as well as defense counsel and the prosecutor. (Resp. Ex. 104, p. 5.) Judge Orf explained prior to acceptance of the plea that she was biased against petitioner because of his attempted escape and the injuries caused to courthouse staff. (Id.) The judge noted that "the only way" she was willing to accept the plea was if she would not be exercising discretion in sentencing petitioner. Petitioner acknowledged that he understood. (Id. at 6.) Judge Orf also stated that she had agreed to be bound by the negotiations between the parties, and petitioner acknowledged that he understood. (Id.) Continuing, Judge Orf then specifically inquired whether petitioner wanted to proceed, "knowing where the Court's coming from" and again, petitioner agreed. (Id.)

Based upon an independent review of the record, because petitioner has not established a due process violation under the circumstances presented here, I conclude that the state court's decision is neither contrary to, nor an unreasonable application of clearly established Federal law. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Williams, 529 U.S. at 412; see Cook, 538 F.3d at 1017 (rejecting argument that consistency clauses in plea agreements violate due process because no clearly established

federal law prohibits them).   Accordingly, habeas relief is not warranted.  28 U.S.C. § 2254(d).

## CONCLUSION

Based on the foregoing, petitioner's second amended petition for writ of habeas corpus (#43) is DENIED, and this proceeding is DISMISSED.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 23__ day of AUGUST, 2010.


_/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge